**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50217 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-01068-ODW-1 |
| v. | |
| LUIS MANUEL TAPIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted May 10, 2017
Pasadena, California

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

Luis Manuel Tapia appeals from his jury-trial conviction and judgment on

27 counts of an indictment that included multiple drug and firearm charges and a

charge that he conducted a continuing criminal enterprise in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

§ 848(a), (b), and (s). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

The district court may have erred by admitting inflammatory statements by Tapia that were more prejudicial than probative and by failing to limit properly some of the gang expert testimony. *See Kennedy v. Lockyer*, 379 F.3d 1041, 1055–56 (9th Cir. 2004); *United States v. Takahashi*, 205 F.3d 1161, 1165 (9th Cir. 2000); *cf. United States v. Rodriguez*, 766 F.3d 970, 987 (9th Cir. 2014). But any error was harmless because the facts showed Tapia was deeply involved in the crimes charged and "no reasonable jury, on the properly-admitted evidence before it, could have done other than convict." *See United States v. Echavarria-Olarte*, 904 F.2d 1391, 1399 (9th Cir. 1990). Even if the district court granted Tapia's motion for a writ to compel the attendance of a confidential informant, and the informant testified as Tapia hoped, the testimony would not defeat the overwhelming evidence that Tapia conducted a continuing criminal enterprise and committed the charged offenses. "[W]e will not reverse when 'it is more probable than not that [any] error[s] did not materially affect the verdict.'" *United States v. Vera*, 770 F.3d 1232, 1240 (9th Cir. 2014) (quoting *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1099 (9th Cir. 2005)).

---

[1] The parties are familiar with the facts, so we do not recite them here.

**AFFIRMED.**

*United States v. Tapia*, No. 15-50217

WALLACE, Circuit Judge, concurring:

I concur in the majority's judgment. But the majority states that the district court "may have erred" by admitting Tapia's inflammatory statements and by failing to limit sufficiently the gang expert evidence, but that any error was harmless. I write separately because, in my view, there was no error, harmless or otherwise, and the majority is wrong to suggest there "may" be error. The district court properly admitted Tapia's inflammatory statements, as they were relevant to the continuing criminal enterprise charge and were not more prejudicial than probative. Furthermore, due to the fact that the government proved much of the case through audio and video evidence of gang activity, the gang expert testimony was needed to translate this evidence to the jury. Accordingly, I would hold that the district court did not commit error in this case, and the majority is mistaken that it "may have."